IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **01-cv-0339-JLK**

**QWEST WIRELESS, LLC, a Colorado limited liability company,**

    Plaintiff,

v.

**COLORADO TRANSPORTATION COMMISSION; JOSEPH BLAKE, JOSEPH JEHN, ROGER CRACRAFT, JOANN GROFF CHARLES ARCHIBEQUE, WILLIAM R. HAIGHT, DOUG ADEN, CASTELAR GARCIA, DAN STUART, JOSEPH FORTINO, DONALD G. MORRISON, in their official capacity as Commissioners of the Colorado Transportation Commission, and TOM NORTON, in his official capacity as Executive Director of the Colorado Department of Transportation,**

    Defendants.

## ORDER

Kane, J.

Cross-motions for summary judgment on the meaning of "fair and reasonable compensation" under the section 253(c) of the Federal Telecommunications Act have been fully briefed and pending before me for some time. The parties have previously sought expedition of my ruling, which I was unable to give them. I deeply regret the delay and will give this case prompt and serious consideration, to the extent the dispute between the parties remains viable.

To that end, the parties are asked to submit a Joint Status Report within ten days of the date of this Order reporting on the status of this case and addressing whether, given the passage of time, limited additional briefing is warranted. I note that since briefing on these cross-motions was complete, substantial additional authority has issued – including

in several cases involving Qwest – on the subject matter of the instant lawsuit. *See e.g., Qwest Corp. v. City of Santa Fe, New Mexico*, 380 F.3d 1258 (10th Cir. 2004); *Qwest Communications Inc. v. City of Berkely*, 433 F.3d 1253 (9th Cir. 2006); *Qwest Corp. v. City of Portland*, 200 F. Supp.2d 1250 (D. Or. 2002), *aff'd in part and rev'd in part and remanded*, 385 F.3d 1236 (9th Cir. 2004); *Puerto Rico Telephone Co., Inc. v. Municipality of Guyanilla*, 283 F. Supp.2d 534 (D. Puerto Rico 2003) . In addition, there have been numerous scholarly articles written on the subject matter, including a multi-part series in the Dickinson Law Review, *see* Gillespie, G. and Werner, P., *Rights-of-Way Redux . . . [sic] Redux*, 107 Dick. L. Rev. 877 (Spring 2003); Gillespie, G., *Rights-of-Way Redux: Municipal Fees on Telecommunications Companies and Cable Operators*, 107 Dick. L. Rev. 209 (Fall 2002), and, to the extent it is not inconsistent with the Tenth Circuit's analysis in *Qwest Corp. v. City of Santa Fe*, a Note seemingly directly on point. Note, *Fair and Reasonable Compensation Means Just That: How § 253 of the Telecommunications Act Preserves Local Government Authority Over Public Rights-of-Way*, 78 Wash. L. Rev. 901 (August 2003).

      Accordingly, a Joint Status Report is due in this case on or before April 17, 2006.

Dated April 7, 2006.                                **s/John L. Kane**
                                                     SENIOR U.S. DISTRICT JUDGE